# Staunton.

# F. A. RAUSCH & COMPANY v. GRAHAM MANUFACTURING CORPORATION.

September 18, 1924.

Reheard January 15, 1925.

1. AMENDMENTS—*Amendment of Special Plea and Grounds of Defense—Case at Bar.*—In the instant case, a proceeding by notice of motion for judgment against defendant, defendant filed its grounds of defense and also a special plea of recoupment under section 6145 of the Code of 1919. The grounds of defense were filed in the clerk's office on July 14, 1922, and the special plea in court on August 15, 1922. Plaintiffs took evidence outside of the State. On April 25, 1923, defendant, over the objection of plaintiffs, was allowed to amend its special plea and grounds of defense by increasing the amount of damages claimed. Plaintiffs did not ask for a continuance and the amendment did not necessitate any new evidence on their part.

   *Held:* That there was no reversible error in the ruling of the trial court allowing the amendment.

2. AMENDMENTS—*Liberality in Allowance.*—Courts are liberal in the allowance of amendments of pleadings in furtherance of justice, and will not reverse a case for formal defects in procedure if the substantial rights of litigants have not been prejudiced thereby.

3. APPEAL AND ERROR—*Conflicting Evidence—Fraud in Contract of Sale—Case at Bar.*—In an action by a seller against the buyer, the seller filed a special plea of recoupment under section 6145 of the Code of 1919, alleging fraud in the procurement of the contract of sale. The evidence on the issue made by the special plea and also on number of items of setoff was very conflicting, but it was conceded, by counsel for the buyer, that the verdict was a finding for the seller on the issue made by the special plea, to-wit, fraud in the procurement of the contract for the sale of the machinery.

   *Held:* That this finding could not be disturbed on appeal as the jury were the judges of the weight and credibility of the testimony.

4. SALES—*Action by Seller Against Buyer—Purchase Money Notes as Setoffs.*—In an action by the seller of merchandise against the buyer, the buyer filed a special plea of recoupment and among the list of setoffs claimed was $2,600.00 of notes given by the buyer to the seller as part payment for the merchandise.

*Held:* That the notes were not setoffs at all and should be stricken from the list.

5. SALES—*Action by Seller Against Buyer—Setoffs.*—In an action by a seller against a buyer to recover purchase money for machinery and merchandise, among the list of setoffs filed were $300.00 cash payment on the machine and $128.40 freight on the same. The sale was f. o. b. shipping point. The jury found for the seller on the plea by the buyer of fraud in the procurement of the contract.

*Held:* That the items of $300.00 and $128.40 must be eliminated from the list of setoffs.

6. SALES—*F. O. B.—Damage in Transit.*—On sale of machinery, f. o. b. shipping point, sellers are not liable for damages in transit where there was no evidence that they were in any way responsible for safe packing or securing the machinery on the car.

7. MOTION FOR JUDGMENT—*Account Filed with Motion—Account not Disputed—Instructions.*—In a proceeding by notice of motion for judgment plaintiffs account filed with the notice was undisputed and should have been allowed; and the refusal of the trial court to instruct the jury to that effect was error.

Error to a judgment of the Circuit Court of Tazewell county, in a proceeding by motion for a judgment for money. To a judgment for less than the plaintiffs claimed they assign error.

*Reversed.*

The opinion states the case.

*J. Powell Royall,* for the plaintiffs in error.

*Sexton & Roberts,* for the defendants in error.

BURKS, J., delivered the opinion of the court.

[1, 2] The plaintiffs in error sold to the defendants in error certain felting machinery for $2,900.00, of which $300.00 was paid in cash, and for the residue notes were given, payable as follows: $1,000.00 at six months, $1,000.00 at twelve months and $600.00 at eighteen months. They also sold to the defendant certain arti-

cles of merchandise amounting to $241.41. Upon these notes and for this amount the plaintiffs proceeded by notice of motion for a judgment against the defendant. The defendant filed its grounds of defense in nine paragraphs, and also a special plea of recoupment under section 6145 of the Code, alleging fraud in the procurement of the contract for the sale of the machinery and laying their damages arising therefrom at $4,000.00. The grounds of defense were filed in the clerk's office on July 14, 1922, and the special plea in the court on August, 15, 1922, and the case was continued. On April 25, 1923, the defendant, over the objection of the plaintiffs, was allowed to amend its special plea and grounds of defense by increasing the amount of damages claimed from $4,000.00 to $5,743.29. The defendant also filed a list of setoffs, amounting to $6,039.62, less credits of $296.33, leaving a balance of setoffs amounting to $5,743.29. The plaintiffs did not ask for a continuance, but objected to the changes in the pleadings on the ground that it had already taken its evidence outside of the State, on the faith of the correctness of the pleadings at the time they took the evidence. The court, however, overruled the objection and the parties went to trial.

This action of the court is assigned as error. The plaintiffs did not claim that the amendment necessitated any new evidence on their part and did not ask for a continuance. Courts are liberal in the allowance of amendments of pleadings in furtherance of justice, and will not reverse a case for formal defects in procedure if the substantial rights of litigants have not been prejudiced thereby. Code section 6331 and revisors' note thereto; *Rinehart & Dennis Co.* v. *Brown*, 137 Va. 670, 120 S. E. 269. There is no reversible error in the ruling of the trial court.

[3] The jury rendered the following verdict: "We, the jury, grant judgment to F. A. Rausch & Company, plaintiff, to the amount of $2,600.00 in payment for machine bought by R. L. Longworth, manager for the Graham Manufacturing Company, with the following offsets to defendant. To the amount of $2,123.80, plus $181.86 expense incurred, Graham Manufacturing Company by Mr. Wood installing machine in their factory, making a total of $2,305.66 offsets."

A motion by the plaintiffs to set aside the verdict was overruled, and judgment was entered thereon.

The evidence on the issue made by the special plea, and also on a number of the items of setoff, was very conflicting. It is conceded, however, by counsel for the defendant in error, that the verdict of the jury was a finding for the plaintiffs in error on the issue made by the special plea, to-wit: Fraud in the procurement of the contract for the sale of the machinery. This finding cannot be disturbed as the jury were the judges of the weight and credibility of the testimony.

[4] The list of setoffs contains many items, among them the $2,600.00 of notes aforesaid, which are not setoffs at all, and should be stricken from the list, leaving $3,143.29 of setoffs claimed. Of these the jury allowed the defendant in error $2,305.66, but outside of the one item of $181.86 mentioned in the verdict, it is impossible to tell which items were allowed and which were not.

The contract for the sale of the machinery stated that the plaintiffs in error had sold to the defendants in error machinery seen by R. L. Longworth, the buyer for the said firm, to the amount of $2,900.00; partial payment made on this purchase of $300.00; the balance of the payments to be made without interest, $1,000.00 six months from date, $1,000.00 twelve months from date,

and the balance, $600.00, eighteen months from date. "These notes can be redeemed prior to their due dates, at any time you may find convenient to do, in the shipping of felt pads or money." All sold f. o. b. shipping point.

[5] As the sale was f. o. b. shipping points, the defendant in error concedes that, under the verdict of the jury, the "items of $300.00 cash payment on the machine and $128.40 freight on the same" cannot be recovered, and must be eliminated from the list of setoffs.

[6] The machinery was damaged in transit to the extent of $330.96. Under the terms of the contract the plaintiffs were not liable for this item, as there is no evidence that they were in any way responsible for safe packing or securing the machinery on the car.

As to the items of $600.00 for a picker, $50.00 for small repairs, $500.00 for loss of time of manager, and $36.00, $68.06, $562.56 and $194.64 for the price of felt sold, the testimony is conflicting, or the value thereof is uncertain, and we are unable to tell from the verdict, or settle from the testimony, the amount that was or should have been allowed therefor. There are also a number of smaller items of setoff in respect to which we are unable to determine the findings of the jury.

There is also an item of $565.60 paid for ticking never ordered by the defendant and never received by it, but lost in transit and which it paid for. Whether or not the plaintiffs in error or the defendant in error should sustain this loss is dependent largely upon the contract between the parties to be implied from their course of dealing with each other, and from their conduct after the loss. How the jury found as to this item we have no means of knowing, and the testimony on the subject is not of such nature that we should venture an opinion on the subject.

[7] The plaintiffs' account filed with the notice for $241.41 was undisputed and should have been allowed. In respect to this account, the trial court erred in refusing to give instruction 10 offered by the plaintiffs in error.

The rulings on the several items of setoff above mentioned renders it unnecessary to pass specifically on other instructions granted or refused.

The judgment of the trial court will be reversed, the verdict of the jury set aside and the case remanded to the circuit court with directions to consider the plaintiffs' claim as established for the sum of $2,841.41 with legal interest from April 28, 1923 (the date of the former verdict), and to strike from the defendant's list of setoffs the items of $2,600.00, $300.00, $128.40 and $330.96, hereinbefore mentioned, and to empanel a jury to determine what credit, if any, the defendant in error is entitled to receive by reason of the other items of setoff mentioned in the list filed.

*Reversed.*

## On a Petition to Rehear.

Per Curiam:

The petition to rehear is granted in this case to enable the court to modify the judgment formerly entered in the case. But as the modification relates entirely to setoffs filed by the defendant, and the former order remanded the case to the trial court "to empanel a jury to determine what credit, if any, the defendant is entitled to receive by reason of the other items of setoff mentioned in the list filed," further argument of the case in this court is deemed unnecessary.

It is claimed in the petition to rehear, and apparently correctly, that the item of $241.41 mentioned in the opinion as not disputed is credited by the defendant in its list of setoffs, and if so it should be deducted from the plaintiff's claim of $2,841.41.

It is also claimed that the $181.86 mentioned in the opinion as damages to machinery specifically allowed by the verdict of the jury constitutes a part of the item of $330.96 mentioned in the opinion as damages to machinery in transit.

In order to allow the jury to pass on these two items, as well as "the other items of setoff mentioned," the former opinion and judgment will be modified to this extent: "The judgment of the trial court will be reversed, the verdict of the jury set aside and the case remanded to the circuit court with directions to consider the plaintiff's claim as established for the sum of $2,600.00 with legal interest from April 28, 1923 (the date of former verdict), and to strike from the defendant's list of setoffs the items of $2,600.00, $300.00, $128.40 hereinbefore mentioned, and to empanel a jury to determine what credit, if any, the defendant in error is entitled to receive by reason of the other items of setoff mentioned in the list filed."

As to other matters mentioned in the petition to rehear, the court adheres to its former opinion and judgment.